IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FUTREND TECHNOLOGY INC.,

    *Plaintiff,*

v.

MICROHEALTH LLC, *et al.*,

    *Defendants.*

Civil No. 1:19-cv-00361
Hon. Liam O'Grady

## MEMORANDUM OPINION & ORDER

This matter comes before the Court on Plaintiff's Motion for Leave to Amend the First Amended Complaint (Dkt. 9) and Motion to Remand (Dkt. 6). Both motions have been fully briefed and the Court dispensed with oral argument. For the reasons that follow, and for good cause shown, both Motions are hereby **GRANTED**.

## I. BACKGROUND

Plaintiff Futrend Technology Inc. alleges that Defendant Microhealth LLC (a) breached a contract by refusing to award Futrend a subcontract after Futrend helped Microhealth obtain a government primary contract, (b) stole Futrend's employees, and (c) conspired with Futrend's employees to steal Futrend's trade secrets and confidential information. On October 18, 2018, Plaintiff Futrend sued Defendant Microhealth and five of Futrend's former employees in Virginia state court alleging breach of contract, fraud, tortious interference, trade secret misappropriation under the Virginia Uniform Trade Secret Act, conspiracy, and other state law torts.

After a period of discovery, Futrend amended its state court complaint to add additional factual allegations and counts. Most importantly for the purposes of the present motions, Futrend added a count alleging Defendants violated the Virginia Computer Crimes Act by copying "computer files containing Futrend's confidential and proprietary business information." The First Amended Complaint was deemed filed on March 15, 2019.

Defendants removed the case to this Court on March 29, 2019. In the Notice of Removal, Defendants asserted this case should be heard in federal court because the new Virginia Computer Crimes Act count is completely preempted by the federal Copyright Act.

One week later, Plaintiff filed a Motion to Amend and a Motion to Remand. Plaintiff challenged the sufficiency of Defendants' Notice of Removal, arguing that Defendants failed to sufficiently allege that the information purportedly stolen from Plaintiff's computers was protected under the Copyright Act. Plaintiff also moved to amend the First Amended Complaint to remove the Virginia Computer Crimes Act claim because Plaintiff never intended to bring any federal claims, and argued removal would be appropriate once that count was removed.

## II. MOTION TO AMEND

Defendants' removal of this case is based solely on Plaintiff's Virginia Computer Crimes Act claim, which Defendants argue is completely preempted by the federal Copyright Act. Plaintiff has moved to amend the First Amended Complaint to remove the Virginia Computer Crimes Act count because Plaintiff had intended only to bring claims under state law and "did not intend to bring a claim under the Copyright Act." Dkt. 10 at 4, 6.

Leave to amend should generally be "freely given" absent undue delay, undue prejudice to the non-movant, futility of amendment, or bad faith or dilatory motive by the movant. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Defendants argue the present Motion to Amend should be

2

denied because it is brought solely to obtain a remand to state court and thus, in Defendants' view, constitutes bad-faith forum-shopping.

The Fourth Circuit's opinion in *Harless v. CSX Hotels, Inc.*, 389 F.3d 444 (4th Cir. 2004), is directly on point and demonstrates that Plaintiff's Motion to Amend should be granted. In *Harless*, the Fourth Circuit granted leave to amend even though the plaintiff "clearly wanted to avoid federal court" because the plaintiff "also had substantive reasons for amending the pleadings," namely, that her counsel "never intended to allege a federal claim" and had intended "to allege a claim based solely on state law." *Id.* at 448. Following *Harless*, Judge Payne also recently granted leave to amend where the plaintiff sought leave to remove a count "largely for the purpose of seeking remand to Virginia state court," but also in response to the defendant's arguments that the count did not state a viable cause of action. *Boone v. CSX Transp., Inc.*, 2018 WL 1308914, at *4 (E.D. Va. March 13, 2018).

As in *Harless*, Plaintiff's counsel has stated that Plaintiff never intended to bring a federal claim and had intended to solely bring claims under Virginia state law. Plaintiff's counsel's assertion is supported by the fact that all the counts in the First Amended Complaint are state law claims and removal in this action is premised only on a preemption argument. *Id.* at *5 ("[G]iven that plaintiff's suit reached this Court only by way of preemption-based removal, *i.e.*, plaintiff did not specifically plead a federal cause of action, it is probable that, as in *Harless*, plaintiff did not 'intend' to raise a raise federal claim."). It is also worth noting that much of the computer data allegedly stolen from Plaintiff may not even be protected by the Copyright Act, which further supports Plaintiff's allegation that it never intended to bring a federal Copyright Act claim.

> Indeed, Plaintiff does not claim any copyright protection for any of the information Defendants allegedly accessed and does not assert any claims for

> copyright infringement. While those aspects of Plaintiff's complaint are not dispositive, they do illustrate that Defendants' alleged underlying copying is, at best, incidental to Plaintiff's core complaint of illegal, deceitful, and unauthorized computer access to trade secret information, ideas and concepts in order to gain an unfair competitive advantage.

*Maxient, LLC v. Symplicity Corp.*, 63 F. Supp. 3d 592, 597–98 (E.D. Va. 2014) (Trenga, J.).[1] Thus, the record supports that Plaintiff never intended to raise a federal claim, even if, as Defendants argue, Plaintiff should have known that the Virginia Computer Crimes Act claim could raise some federal preemption arguments.

Plaintiff has also given the Court additional substantive reasons for its Motion to Amend. As in *Boone*, Plaintiff appears to concede that at least part of the Virginia Computer Crimes Act count may not be viable because of federal preemption. Plaintiff has also sought leave to drop the Virginia Computer Crimes Act count to save both parties, and the presiding court, the resources and effort required to determine whether, and to what extent, that count is preempted.

Accordingly, because Plaintiff has substantive reasons to amend in addition to its desire to return to state court, the Motion to Amend has not been brought in bad faith and should be granted under *Harless* and *Boone*.

### III. MOTION TO REMAND

"As the Fourth Circuit has held, once a post-removal amendment has eliminated federal claims and therefore only state claims (and supplemental jurisdiction) remain, 'the Court has the discretion to remand the case to the state court in which the action was initially filed.'" *Boone*, 2018 WL 1308914, at *4 (citing *Harless*, 389 F.3d at 448). "[T]here is a strong preference for remand when all federal claims have been dismissed," especially when, as here, "the federal claims are dismissed shortly after removal." *Id.* When deciding whether to remand a case, courts

---

[1] While Judge Trenga was undertaking a preemption analysis in *Maxient*, his point also supports finding that Plaintiff's Motion to Amend has not been brought in bad faith in this case.

are guided by "the principles of economy, convenience, fairness and comity," and also consider whether "the plaintiff has attempted to manipulate the forum." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). Applying these standards to the facts of this case, the Court finds that remand is appropriate.

Plaintiff brought a suit between Virginia residents alleging violations of various Virginia state laws. Prior to removal, the parties litigated the case in state court for months, albeit before multiple judges, and have already engaged in partial discovery, obtained substantive orders, and set a trial date for September of this year in state court. By contrast, the parties have only been in federal court for a matter of weeks and the litigation in this Court has revolved around the propriety of being in federal court rather than the merits of the case. Further, Virginia courts are best positioned to evaluate causes of action based on Virginia law. *Vill. Builders on the Bay, Inc. v. Cowling*, 321 F. Supp. 3d 624, 631 (E.D. Va. 2018) (Smith, J.); *Boone*, 2018 WL 1308914, at *5. Accordingly, while the differences in convenience between litigating in federal court in Alexandria or in state court in Fairfax appear minor, the remaining factors of economy, fairness, and comity all favor remand.

Plaintiff's attempt to manipulate the forum to obtain remand based on dismissal of the allegedly preempted count "is not severe enough to counter the other factors." *Vill. Builders*, 321 F. Supp. 3d at 631 (quoting *Boone*, 2018 WL 1308914, at *5). For the reasons argued above, Plaintiff's motions were not brought in bad faith. Additionally, and importantly, the Fourth Circuit found remand appropriate under similar circumstances in *Harless*, as did other judges in this district in *Village Builders* and *Boone*. *See Harless*, 389 F.3d at 448–50; *Vill. Builders*, 321 F. Supp. 3d at 631; *Boone*, 2018 WL 1308914, at *5.

As a result, the Court finds that remand is appropriate in this case.

## IV. CONCLUSION

For the reasons stated above, and for good cause shown, Plaintiff's Motion for Leave to Amend the First Amended Complaint (Dkt. 9) and Motion to Remand (Dkt. 6) are hereby **GRANTED**. This case is hereby **REMANDED** to the Circuit Court for Fairfax County, Virginia.

It is **SO ORDERED**.

May 2, 2019
Alexandria, Virginia

Liam O'Grady
United States District Judge

6